STADELMAN, APPELLANT, *v.* KEY GMC TRUCK SALES, INC., APPELLEE.

[Cite as Stadelman v. Key Truck Sales (1970), 22 Ohio App. 2d 161.]

(No. 11048—Decided March 2, 1970.)

*Mr. Gordon F. DeFosset,* for appellant.
*Mr. Anthony J. DeCenso,* for appellee.

SHANNON, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, overruling plaintiff's motion for a summary judgment and granting summary judgment in favor of defendant.

It appears that in 1968 one Hutcher owned two GMC truck tractors, one a 1964 model and the other a 1965 model. On or about March 15, 1968, Hutcher sold the 1964 tractor to one Michels, who operated a repair service. In June 1968, the 1965 tractor was damaged and taken to Michels' garage for repairs, and it remained there several months.

The 1964 tractor bore Serial No. DFWI 7009F1025L. The 1965 tractor bore Serial No. DFWI 7009F3335L. For the sake of simplicity, we shall hereinafter refer to the serial numbers as 25L and 35L.

The facts above set forth are gleaned from the several affidavits and appended documents filed in support of the motions for summary judgment and, apparently, are not in dispute.

However, the same affidavits contain averments disclosing the elemental conflict giving rise to the litigation before us, which cannot be reconciled.

To sustain his motion for summary judgment, plaintiff filed a certified copy of Ohio certificate of title issued on August 8, 1968, in his name for a 1965 GMC tractor, the serial number terminating in 35L.

Defendant filed an affidavit of the Supervisor of the Auto Title Department of Hamilton County, Ohio, to the effect that Michels swore that the 1965 GMC tractor was owned by him and was not operated on the highways in 1967 and 1968; that Michels conveyed title to the 1965 tractor to plaintiff on August 7, 1968; and that, on August 7, 1968, there was filed a Motor Vehicle Bill of Sale of the 1965 GMC tractor from Hutcher to Michels dated August 6, 1968, and that a certificate of title to that vehicle was issued to plaintiff.

Hutcher's affidavit, filed by defendant, is to the effect that he purchased the 1965 tractor in 1965 and operated it continuously until he sold it to defendant on March 12, 1969.

Plaintiff commenced the action in replevin to gain possession of the 1965 tractor from defendant.

It is clear that Michels had the 1964 and the 1965 tractors in his possession simultaneously. Defendant argues to us that the vehicles are so similar in appearance as to be indistinguishable except for serial numbers. He contends that "there is no doubt" that Michels switched the plates showing the serial numbers on the tractors because the 1964 vehicle "probably had a chattel mortgage" on it and the 1965 tractor was unencumbered, and, by switching numbers, Michels was able to sell the 1964 unit as a 1965 tractor free and clear of any liens. The theory is plausible, but can it be advanced upon the procedure adopted?

The two errors assigned raise the same question: was the controversy susceptible to resolution upon motion for summary judgment?

Section 2311.041 (B), Revised Code, bars the rendition of a summary judgment if there exists a genuine is-

sue of fact. It is improper to render summary judgment where a genuine issue of fact exists and the trial court is required to evaluate testimony before reaching its legal conclusion. See *Leonard Ins. Agency* v. *Fuller Motor Delivery,* 16 Ohio App. 2d 161.

In the case at bar it is obvious that the plaintiff and defendant cannot own the same tractor and that the sworn statements relating to the acquisition of title thereto conflict. It is equally clear that it is possible to resolve the issues by a judicial inquiry, that is, by adducing evidence thereafter to be weighed.

Both parties cite as controlling the decision of the Supreme Court of Ohio in *Hardware Mutual Casualty Co.* v. *Gall,* 15 Ohio St. 2d 261. In our estimate, that contention is correct. Paragraph three of the syllabus of *Hardware Mutual Casualty Co.* v. *Gall, supra,* declares:

"3. Under the provisions of the Ohio Certificate of Motor Vehicle Title Act, absent any question of estoppel arising from an act of the owner, a thief cannot convey valid title to a stolen motor vehicle to a bona fide purchaser for value without notice, although the certificate of title used in the purported transfer appears valid on its face. (Paragraph three of the syllabus of *Atlantic Finance Co.* v. *Fisher,* 173 Ohio St. 37, approved and followed. Paragraphs three and four of the syllabus of *Commercial Credit Corp.* v. *Pottmeyer,* 176 Ohio St. 1, overruled.)"

However, before such principle of law can be applied the factual discrepancies must be removed. This precludes the rendition of summary judgment.

While ultimately it may be correct to conclude that defendant is rightfully in possession of the 1965 tractor and to order the issuance of an appropriate certificate of title, such result below was premature.

The summary judgment and order of the Court of Common Pleas is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

Hildebrant and Hess, JJ., concur.