STEVENS, APPELLANT, *v.* BROWN, APPELLEE.

[Cite as Stevens v. Brown (1978), 60 Ohio App. 2d 174.]

(No. 77 CA 146—Decided March 15, 1978.)

*Mr. Edward C. Czopur* and *Mr. James H. Beck,* for appellant.

*Mr. Paul M. Dutton,* for appellee.

DONOFRIO, J. Appeal is from the Court of Common Pleas of Mahoning County, from a judgment of the trial court sustaining a motion for summary judgment of defendant, the appellee herein.

Plaintiff, the appellant, filed an action in Mahoning County Common Pleas Court upon a foreign judgment of the Woodford County Circuit Court in the Commonwealth of Kentucky. A copy of that judgment entry was attached to the complaint along with a certificate from the clerk of the Circuit Court in Kentucky as to the judgment being a true, correct and complete copy of the records of that court. The judgment entered therein was won by default. The defendant Brown submitted an answer, affidavit and motion for summary judgment challenging the jurisdiction of the Woodford Circuit Court in granting judgment. The trial court sustained the motion for summary judgment with the pertinent portion of the court's journal entry being as follows:

"The Court finds that the Motion for Summary Judgment is well taken and that the Circuit Court of Woodford of the Commonwealth of Kentucky did not, at the time of entering its judgment against the Defendant Thomas G. Brown, have jurisdiction over said Defendant as provided by the statutes of the State of Kentucky."

Plaintiff assigns one error in that:

"The court erred to the prejudice of plaintiff in granting defendant's motion for summary judgment when directly conflicting affidavits before the court raised a genuine issue as to the material fact of whether or not defendant was doing business in Kentucky."

What essentially was before the trial court on the motion for summary judgment was the Kentucky statute regarding jurisdiction. Ky. R.S. 454.210 (2) (a) (1) states in part: "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim rising from the person's: (1) transacting any business in this Commonwealth;* * *."

In addition thereto, the affidavits of the parties constituted the full amount of evidence before the trial court. Defendant stated in his affidavit that he had never done business in Kentucky, and the plaintiff stated in his affidavit that defendant had done business in Kentucky by entering into certain oral contracts and by racing three of his horses in Kentucky.

Obviously, if defendant conducted business in Kentucky, the Kentucky court had personal jurisdiction over the defendant; if the defendant did not conduct business in Kentucky, the Kentucky court did not have jurisdiction over defendant.

Plaintiff argues, therefore, that there was a factual dispute as to whether or not defendant had done business in Kentucky, and it was inappropriate for the Common Pleas Court to render a summary judgment. Civil Rule 56 (C) states:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being enti-

tled to have the evidence or stipulation construed most strongly in his favor."

The court below was required to most strongly consider plaintiff's affidavit and lightly weigh the affidavit of defendant. It is elemental that the reviewing court, upon an appeal from a summary judgment, should look at the records in the light most favorable to the party opposing the motion. Thus, in *Williams* v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, the Ohio Supreme Court declared that the party against whom the motion for summary judgment was brought was entitled to have the record viewed most strongly in his favor in a situation where there was a question of whether the defendant was operating a business for profit not related to the purpose for which the defendant was organized.

The comments in the case of *Stadelman* v. *Key Truck Sales* (1970), 22 Ohio App. 2d 161, are also appropriate. In *Stadelman,* plaintiff had commenced an action for replevin to gain possession of a 1965 tractor from defendant. The Court of Appeals declared at 163:

"In the case at bar it is obvious that the plaintiff and defendant cannot own the same tractor and that the sworn statements relating to the acquisition of title thereto conflict. It is equally clear that it is possible to resolve the issues by a judicial inquiry, that is, by adducing evidence thereafter to be weighed.***

"However, before such principal of law can be applied the factual discrepancies must be removed. This precludes the rendition of summary judgment."

Defendant's argument in opposition to that put forth by the plaintiff is based on the contention that the Kentucky court made no determination or finding as to whether it had jurisdiction to render a default judgment against a non-resident defendant, and further argues that since the foreign court failed to make a finding of proper jurisdiction, a prerequisite to a valid judgment in a foreign court, the trial judge was correct in sustaining a motion for summary judgment on behalf of the defendant.

However, we cannot discern from the record that the trial judge's reason for sustaining the motion was because of

a lack of a factual finding of jurisdiction by the Kentucky court. The trial court made an abrupt finding of lack of jurisdiction because the entry of the Kentucky court did not recite a finding of jurisdiction before entering a default judgment, and, also, apparently accepted the affidavit of the defendant that he had not done business in Kentucky, thereby not giving rise to jurisdiction by the foreign court. However, the burden is placed upon the defendant who challenges the jurisdiction of the original court rendering the judgment.

Thus, 32 Ohio Jurisprudence 2d 221-222, Judgments, Section 21 states that, "where it does not otherwise affirmatively appear from the record, or where the record is silent, or where there is an uncontradicted express finding in the record as to jurisdiction, the judgment of a court of record of general jurisdiction is presumed to be within its jurisdiction;***." Likewise, the third paragraph of the syllabus of *Symons* v. *Eichelberger* (1924), 110 Ohio St. 224, states, in part: "The burden of proof of establishing that the court in question had no jurisdiction to render the judgment sued upon rests upon the defendant." Thus, the assumption is the reverse of what the defendant would suggest that it is. The assumption is that the foreign court had the appropriate jurisdiction of the parties.

This brings us to the conclusion that the issue of jurisdiction ought to be resolved by an Ohio court in a trial of the issues. Therefore, it appears that there is a genuine issue as to a material fact that cannot be resolved by opposing affidavits. *(Stadelman* v. *Key Truck Sales, supra.)*

By reason of the foregoing, we sustain the assignment of error of plaintiff-appellant and reverse the judgment of the trial court.

*Judgment reversed.*

O'NEILL, P. J., and LYNCH, J., concur.