NEWMEYER ET AL. *v.* GLOBE
AMERICAN CASUALTY COMPANY.

(No. 85-CV-0089 — Decided
July 8, 1985.)

Court of Common Pleas of
Clermont County.

*Joseph E. Conley, Jr.,* for plaintiff.
*Ralph Hill,* for defendant.

RINGLAND, J. Plaintiff filed his complaint on a foreign judgment on January 20, 1985 alleging that he recovered a judgment against defendant in the amount of $4,012.98 in the Utah Circuit Court, in *Claine Skidmore et al.* v. *Larry L. Newmeyer et al.* v. *Globe American Casualty Co et al.,* Salt Lake Dept. No. 84-CV-5042, unreported. Defendant filed its answer on March 29, 1985, with the affirmative defense that in the Utah action valid service of process was not obtained against it so that the Utah judgment entered is null and void. Thereafter, on May 9, 1984, plaintiff filed his motion for summary judgment and memorandum in support thereof. On June 13, 1985, defendant filed its motion to dismiss plaintiff's summary judgment motion and its motion for summary judgment and accompanying memorandum.

In support of his motion for summary judgment, plaintiff argued that this Ohio court is required to accord full faith and credit to the judgment rendered by the Utah court and that the defense raised by defendant in this action — that valid service was not obtained against it in the Utah proceedings — should be asserted in a motion to vacate the default judgment in the Utah court and is not properly asserted herein. Plaintiff further argued that this court must give full faith and credit to the foreign judgment as long as that judgment remains valid in Utah, the rendering state.

Defendant asserted that the issue of whether proper service was effected on it in the Utah proceedings was a proper issue for this court's consideration and that full faith and credit was not to be afforded the Utah judgment if service in that case was defective or improper. Defendant argued that service in the Utah matter was, indeed, defective and, therefore, the Utah judgment is void. Defendant asserted that service effected by plaintiff under the Utah Code Sections 31-5-16 and 31-5-17 for authorized foreign insurance companies was improper, as defendant, at that time, was an unauthorized foreign insurance company, for which service under Utah Code Section 31-35-1 *et seq.* would be requested. Defendant argues that because it had surrendered its Certificate of Authority to the state of Utah Insurance Department upon its ceasing to do business in Utah per order of the Commissioner of Insurance some months prior to the plaintiff's attempting service, it was an unauthorized foreign company and service should have been made pursuant to those provisions for unauthorized companies in Section 31-35-1 *et seq.* and not pursuant to provisions for authorized companies in Sections 31-5-16 and 31-5-17. Defendant

argued that service did not meet the requirements of Utah Code Section 31-35-3(1)(b), that it be sent a copy of process at its last known principal place of business, and of Section 31-35-3(3), that default judgment not be taken until the expiration of thirty days from the filing of the plaintiff's affidavit of compliance with service requirements.

Plaintiff's argument that this Ohio court cannot inquire into the validity of service rendered in the Utah proceedings is without merit as Ohio case law holds to the contrary. *Manufacturers Hanover Trust Co.* v. *Brockmeyer & Co.* (1982), 4 Ohio App. 3d 125. An Ohio court may inquire into the service of process made in a foreign proceeding when that foreign judgment is sought to be enforced in the Ohio court, to see if the foreign judgment is unenforceable for lack of jurisdiction due to defective service of process. Further, the *Manufacturers Hanover* court saw fit to examine Ohio law for guidelines on service of process where evidence of the foreign state's law on service of process is not provided by counsel for either party.

In *Manufacturers Hanover,* plaintiffs sought to enforce a Tennessee judgment in Ohio, with defendants contending the Tennessee judgment to be void and unenforceable for lack of jurisdiction because of defective service of process. Tennessee law provided that when an item of process is returned as "Refused," it is deemed to have been the equivalent of delivery and adequate service. The item in question, the Ohio court noted, had however been returned "Unclaimed." The parties not having furnished any statutory or case law of Tennessee defining "refusal" in the context used therein, the Ohio court looked to Ohio law for clarification of "Refusal of Service" and "unclaimed service," and found that refusal connotes a wilful act of denial; the Tennessee item of process, not having been marked in any way to indicate a wilful act of

refusal which was required by Tennessee law to be present to be deemed the equivalent of service and delivery, was found by the Ohio court not to have been properly served so that the Tennessee court lacked jurisdiction over defendant in that proceeding, rendering that judgment void. Thus, the *Manufacturers Hanover* case shows that an Ohio court may inquire into the propriety of foreign service in a foreign judgment enforcement action and may look to Ohio law if necessary for clarification of service of process issues, where the applicable foreign law is not provided by counsel.

In the instant case, Utah law is unclear as to when an insurance company becomes "unauthorized" for purposes of service of process and the attorneys in this matter have not provided this court with any law which would clarify the distinction between authorized companies and unauthorized companies. A look to Ohio's law as to authorized vis-a-vis unauthorized companies for purposes of service of process, following the lead of the *Manufacturers Hanover* court, does not, however, provide much guidance for this court. Ohio law (R.C. 3927.05) does not parallel Utah law as to when a foreign insurance company becomes "unauthorized" in terms of the relinquishment of a certificate of authority which might cause the insurance company to become "unauthorized" for service of process purposes. Nor has either attorney in the matter provided this court with any Utah authority that a foreign insurer who was once authorized remains so for purposes of service of process even when it has relinquished its Utah Certificate of Authority prior to the filing of a lawsuit for which process must be served.

Defendant, as discussed above, argued that under Utah insurance laws it became an unauthorized insurer after surrendering its Certificate of Authority

on March 12, 1984. Plaintiff, on the other hand, argued that the statement of legislative purpose of the Utah statute in Section 31-35-1 *et seq.* foreclosed the conclusion that defendant be considered an unauthorized insurer for service of process purposes. This is so, plaintiff argued, because the purpose of the statute is to protect residents of Utah from companies actually writing policies and accepting premiums during the period when the company was not licensed to do business in Utah, and because defendant was not an unauthorized company but rather an authorized company at the time of writing the policy and receiving the premium. Thus, it is argued, defendant does not fall into the category of foreign insurance companies for which this statute was designed to afford protection to the Utah resident.

Utah Code Section 31-35-1 states:

"* * * The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies."

Neither party presented any other case law or statute from Utah, which held that a company, for service of process purposes, is "unauthorized" only when it issued policies and received premiums while being without certification or authority in the state of Utah. The only authority this court has on which to proceed is the statement of legislative intent contained in Section 31-35-1, there being apparently no interpretation by the Utah courts of the definition of an "unauthorized foreign insurer."

By examining the language of the statement in Section 31-35-1, the court finds that defendant, as an authorized insurer in Utah at the time of executing the policy and accepting the premium but as an uncertified insurer at the time of the filing of the Utah lawsuit and of attempted service of process, is not an unauthorized foreign insurer under the Utah Code for service of process purposes, but rather is an authorized foreign insurer. The explanation of purpose provided in Section 31-35-1 clearly states that insurers who issue or deliver policies while not authorized to do business in this state are to be considered "unauthorized" insurers for purposes of the method of the substituted service of process set up in Section 31-35-1. The section does not provide that one is an "unauthorized" insurer for purposes of the substituted service of process simply upon the relinquishment or surrender of the certificate of authority. Had the Utah Legislature intended that the alternative method of service of process apply to these foreign insurers it could have so provided. Instead, only those issuing and delivering policies in Utah at the time of being unauthorized are implicated by Section 31-35-1 *et seq.* for a different method of service of process than for authorized foreign insurers; being unauthorized at the time of the service of process without having issued or delivered the policy while being unauthorized does not implicate this type of service of process.

The question remains whether the type of service of process effected comports with Utah Code Sections 31-5-16 and 31-5-17, the statutes for service of process on "authorized" foreign insurers.

Exhibits provided by plaintiff which accompany the motion for summary judgment demonstrate that in accordance with Sections 31-5-16 and 31-5-17 that plaintiff served duplicate copies of process against defendant on the Commissioner of Insurance, so that service on the commissioner constituted service on the insurer, defendant. Further,

defendant, in its memorandum concedes, and the evidence shows, that the forty-day provision of Section 31-5-17 was met, wherein plaintiff waited forty days prior to taking any action against defendant insofar as the default judgment was concerned, subsection (3) of Section 31-5-17 requiring that no proceedings be had against the insurer until the expiration of forty days after the date of service upon the Commissioner of Insurance. In all respects, plaintiff, in effecting service on defendant in the Utah case, properly followed the requirements of Sections 31-5-16 and 31-5-17 by sending duplicates to the Commissioner of Insurance via certified mail and by not taking further legal action until forty days had passed since such service. Failure to serve that defendant's designated and appointed person to receive process in Utah, CT Corporation System of Salt Lake City, Utah, did not affect the validity of the service of process and the Utah court's jurisdiction because under Section 31-5-17(3) only the commissioner need be served and not necessarily the appointed recipient, in order for plaintiff to take further legal action after the expiration of forty days. The action taken by plaintiff to effectuate service on the Utah action was proper and plaintiff did all he needed to do to comply with that state's requirements as to service on an authorized foreign insurer under the statute. The resolution of this issue makes unnecessary the resolution of the issue whether defendant waived the objection of any service and jurisdictional defect. Service was properly made in the Utah proceeding so that the defense of lack of Utah jurisdiction levied by defendant herein is without merit. The presumption of validity that Ohio courts accord to foreign judgments, *Stevens* v. *Brown* (1978), 60 Ohio App. 2d 174 [14 O.O.3d 137], has been sustained by the evidence herein. The Utah judgment is entitled to full faith and credit in this court. That being so, there is no genuine issue of material fact for trial, reasonable minds could resolve the case only in plaintiff's favor, and plaintiff is entitled to judgment as a matter of law, so that plaintiff's motion for summary judgment is well-taken and granted. Counsel for plaintiff to submit entry. Defendant's motions for summary judgment and to dismiss are denied.

*Motions denied.*