MANUFACTURERS HANOVER TRUST CO., APPELLANT, *v.* GENE R. BROCKMEYER & COMPANY ET AL., APPELLEES.

(No. 81AP-868—Decided April 22, 1982.)

*Messrs. Thompson, Swope, Burns & Biswas* and *Mr. Richard F. Swope,* for appellant.

*Mr. Robert C. Paxton, II,* and *Mr. James Toomey,* for appellees.

WHITESIDE, P.J. By this appeal from a judgment of the Franklin County Court of Common Pleas, plaintiff-appellant, Manufacturers Hanover Trust Company, raises two basic issues: (1) whether it is entitled to enforce a Tennessee judgment against defendants-appellees, and (2) if not, should it be entitled to amend its complaint to assert the claim underlying the Tennessee judgment.

Plaintiff attempts to enforce a default Tennessee judgment against defendant Gene Brockmeyer & Company, both against it and individually against defendants Gene and Shirley Brockmeyer, predicated upon a guaranty agreement they executed underlying the note and mortgage upon which the Tennessee judgment was predicated. Defendants filed a motion for summary judgment, contending the Tennessee judgment to be void and unenforceable for lack of jurisdiction because of defective service of process. Submitted in support of the motion were several exhibits, including copies of various filings in the Tennessee court. Although there may be some question as to the form in which the documentation was submitted, plaintiff does not contest or question the authenticity or accuracy of the copies of the Tennessee filings, so that any error in the form of submission is not prejudicial.

Service upon defendant Gene R. Brockmeyer & Company in the Tennessee case was made pursuant to a Tennessee statute providing for filing with the Secretary of State who is required to send a certified copy of the summons by registered mail to the defendant. Tennessee statute, Section 20-236, Tennessee Code, now 20-2-215(d), then provided in pertinent part, as follows:

"In case delivery of said process so made by registered mail be refused by the addressee thereof, such refusal to be evidenced by appropriate notation of such fact by the postal authorities, such refusal shall be deemed the equivalent of delivery and adequately constitutes service." (Acts 1965, Chapter 67, at 185.)

In this case, however, the attempted registered mail service was returned marked "unclaimed." The Tennessee Secretary of State filed an affidavit that the certified copy of the summons was sent by registered mail, return receipt attached, addressed to defendant Gene R. Brockmeyer & Company but was returned "with notation unclaimed." Also file-stamped with the Tennessee court was an envelope bearing the return address of the Secretary of State and addressed to defendant corporation with further indication of a second handwritten address, presumably a forwarding address. This envelope is stamped "unclaimed." In addition, there is a second stamp indicating "return to sender" and "reason checked," with a check mark after "unclaimed." There are other in-

dications for reasons including "refused," which is not checked. The Tennessee statute specifically indicates that "refusal" must be "evidenced by appropriate notation of such fact by the postal authorities." Here, the postal authorities did not check or in any other way indicate a refusal but, rather, merely indicated that the mail was "unclaimed." "Unclaimed" does not necessarily indicate a refusal to accept delivery. Rather, it implies an unawareness of attempted delivery, or negligence in acting promptly to claim the mail. It does not imply the type of state of mind necessary to constitute a refusal to accept delivery. In other words, "refusal" connotes an affirmative act by the addressee to avoid or frustrate delivery of the registered letter; whereas, "unclaimed" implies inaction on the part of addressee for whatever reason to enhance and effectuate delivery.

The parties have not furnished any statutory or case law of Tennessee defining "refusal" in the context in which it is used herein. Under such circumstances, we must assume that Tennessee law is the same as Ohio law. As stated in *In re Masters* (1956), 165 Ohio St. 503, at page 506 [60 O.O. 474]:

"* * * 'refusal' is defined as the 'denial of anything demanded, solicited or offered for acceptance.' * * * [u]sing words such as * * * 'denial,' connote willfulness."

In other words, "refusal" connotes an affirmative willful act causing the registered letter not to be delivered. There is no indication of such an act in this case, especially since the postal authorities did not check "refused" on the stamp affixed thereto. In other words, there is no notation by postal authorities evidencing refusal, which is required by the Tennessee Code in order for a refusal to be deemed the equivalent of delivery and service. Nor is there any other predicate for jurisdiction in the Tennessee court. We, accordingly, must conclude that the Tennessee court had no jurisdic-

tion over defendant Gene R. Brockmeyer & Company such as to require an Ohio court to enforce the default judgment entered by the Tennessee court despite its lack of jurisdiction over the person of said defendant corporation. Interestingly, the judgment entered by the Tennessee court makes no finding of jurisdiction. However, jurisdiction was questioned by correspondence dated after the date of the Tennessee judgment with the attorney who obtained that judgment, which correspondence is attached to defendants' motion for summary judgment. In any event, Civ. R. 4.6 makes a definite distinction between "refusal of service" and "unclaimed service." Presumably, Tennessee makes the same distinction.

Plaintiff further contends that defendants waived the defect by admitting plaintiff's request that defendants admit the accuracy of the certified copy of the Tennessee judgment. There is nothing in the admission as to the validity of the judgment, only as to the fact that it is the Tennessee judgment. There has been no waiver of the jurisdictional issue.

While plaintiff contends that there are factual issues as to whether the Tennessee registered mail letter was properly addressed, the issue is not material. There was no proper service under Tennessee law. Nor is there any indication of service comporting with due process. In short, the trial court did not err in finding the Tennessee judgment to be unenforceable because that court lacked jurisdiction over the person of defendant Gene R. Brockmeyer & Company. The first assignment of error is not well taken.

By the second assignment of error, however, plaintiff contends that it should have been permitted by the trial court to amend its complaint so as to allege the underlying claim upon which the Tennessee judgment was predicated. We agree. The complaint herein alleges that defendants Gene and Shirley Brockmeyer executed an agreement as guarantors of a

loan to defendant Gene R. Brockmeyer & Company, a copy of the agreement being attached to the complaint. The complaint further alleges that plaintiff obtained the Tennessee judgment upon the loan and that no part of the judgment has been paid. It is apparent from the complaint that plaintiff seeks to recover from defendants the unpaid balance upon the loan, which allegedly had been reduced to judgment in Tennessee. However, for the reasons we have stated above, plaintiff is not entitled to found its claim upon the Tennessee judgment since defendants had no opportunity in Tennessee to make any defense that they may have with respect to the alleged balance due upon the loan.

Under such circumstances, we see no valid reason for denying plaintiff's motion to amend its complaint to allege the underlying obligation upon which the Tennessee judgment was founded, affording to defendants a full opportunity to make any defense that they may have. In fact, the trial court in the judgment entry failed to directly address the issue raised by the motion to amend but, instead, merely rendered final judgment for defendants necessitating an appeal. Civ. R. 15(A) states with respect to amendment of pleadings, "* * * [l]eave of court shall be freely given when justice so requires." In opposition, defendants merely point out the long lapse of time between the filing of plaintiff's complaint and the judgment of the trial court. While defendants contend they are prejudiced by the filing of an amended complaint after the lapse of such a long period of time, they set forth nothing but the lapse of time to justify their contention. A large part of the delay was caused by an earlier motion to dismiss filed by defendants upon grounds of failure to join an indispensable party, which was erroneously sustained by the trial court resulting in a reversal upon appeal to this court and remand for further proceedings. Unfortunately, the jurisdictional issue was not determined at that time. However, the pleadings are

clear as to defendants Gene and Shirley Brockmeyer that plaintiff seeks recovery against them as guarantors of the loan. They have now been granted the relief they sought — an opportunity to defend upon the merits as to whether there is anything due plaintiff upon the underlying loan of which they are guarantors. How they can be prejudiced by being afforded this opportunity is not readily apparent. Accordingly, the second assignment of error is well taken.

For the foregoing reasons, the first assignment of error is overruled, and the second assignment of error is sustained; and the judgment of the Franklin County Court of Common Pleas is modified so as to grant summary judgment to defendants upon the issue of enforceability of the Tennessee judgment but to allow plaintiff leave to amend its complaint so as to allege a claim predicated upon the underlying loan agreement; and this cause is remanded to that court for implementation of the modified judgment and for further proceedings in accordance with law consistent with this decision. The costs of this action are assessed equally against plaintiff and defendants.

*Judgment accordingly.*

STRAUSBAUGH and McCORMAC, JJ., concur.