[Cite as *State ex rel. Basile v. Ohio Pub. Emps. Retirement Sys.*, 2015-Ohio-5366.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Lynn Basile, an incompetent person represented by Guardian, Ralph Basile, | : | |
| | : | |
| Relator, | : | No. 14AP-974 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Public Employees Retirement System, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on December 22, 2015

*Harvey Abens Iosue Co. LPA*, *Matthew B. Abens*, and *David L. Harvey, III*, for relator.

*Michael DeWine*, Attorney General, *John J. Danish*, and *Mary Therese Bridge*, for respondent.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Lynn Basile, by and through guardian Ralph Basile, brings this original action seeking a writ of mandamus ordering respondent Ohio Public Employees Retirement System ("OPERS") to vacate its order terminating relator's disability benefit.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who rendered a decision and recommendation that includes findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that OPERS abused its discretion when it refused to

consider reinstatement of relator's disability benefit ("benefit"). Accordingly, the magistrate recommended that we grant the requested writ of mandamus.

{¶ 3} Respondent sets forth the following objection to the magistrate's decision:

> OPERS' TERMINATION OF RELATOR'S DISABILITY BENEFITS WAS NOT AN ABUSE OF DISCRETION.

{¶ 4} OPERS has not objected to the magistrate's factual findings. According to the magistrate, OPERS approved relator's application for benefits in 1995 with the condition that she seek psychiatric treatment. On April 26, 2011, the Cuyahoga County Probate Court appointed relator's husband, Ralph Basile, as relator's guardian. On March 19, 2012, Ralph Basile submitted an annual statement of earnings to OPERS on relator's behalf. OPERS Form EE provides in relevant part:

> All disability benefit recipients are required by state law to provide information about the additional employment and earnings after disability. The information will be used to assist OPERS in the proper administration of its disability benefits program. This form must be completed and returned to OPERS **no later than April 15, 2012**.
>
> ***Failure to comply with this request will result in suspension of your monthly disability benefit.***

(Emphasis sic.)

{¶ 5} In 2013, Ralph Basile did not submit an annual statement of earnings to OPERS on relator's behalf. On or about April 22, 2014, OPERS terminated relator's benefit, pursuant to R.C. 145.362, effective April 30, 2013, and subsequently refused to consider relator's application for reinstatement of benefits. Relator initiated this original action seeking a writ of mandamus ordering OPERS to vacate its order terminating relator's benefit.

{¶ 6} In order to be entitled to a writ of mandamus, relator must establish that OPERS abused its discretion in terminating her benefit. *State ex rel. Curtin v. Ohio Pub. Emps. Retirement Sys.*, 10th Dist. No. 09AP-801, 2011-Ohio-2536, ¶ 8, citing *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, ¶ 25. Ohio Adm.Code 145-2-27, entitled "Disability benefit recipient's annual statement," provides, in relevant part, as follows:

(A)(1) On or before April fifteenth of each year, a disability benefit recipient shall file a statement with the public employees retirement system providing information including, but not limited to: work performed during the preceding calendar year, compensation received for work performed, and current medical information.

* * *

(B) The recipient's statement shall be made on a form provided by the retirement system.

(C) *The failure of a recipient to file such statement shall result in the suspension of a disability benefit until such statement is filed. If such failure continues for one year, the disability benefit shall be terminated in accordance with section 145.362 of the Revised Code and is not subject to appeal to the public employees retirement board.*

(Emphasis added.)

{¶ 7} OPERS is required to suspend a recipient's benefit, pursuant to Ohio Adm.Code 145-2-27, upon the "failure of a recipient to file" an annual statement of earnings. However, Ohio Adm.Code 145-2-27 does not authorize OPERS to terminate a benefit due to a continued failure to file the earnings statement. Rather, Ohio Adm.Code 145-2-27 states that, "[i]f such failure continues for one year, the disability benefit shall be terminated in accordance with section 145.362 of the Revised Code."

{¶ 8} R.C. 145.362 provides, in relevant part, as follows:

Each disability benefit recipient shall file with the board an annual statement of earnings, current medical information on the recipient's condition, and any other information required in rules adopted by the board. The board may waive the requirement that a disability benefit recipient file an annual statement of earnings or current medical information if the board's medical consultant certifies that the recipient's disability is ongoing.

The board shall annually examine the information submitted by the recipient. *If a disability benefit recipient refuses to file the statement or information, the disability benefit shall be suspended until the statement and information are filed. If the refusal continues for one year, the recipient's right to*

> *the disability benefit shall be terminated as of the effective date of the original suspension.*

(Emphasis added.)

{¶ 9} R.C. 145.362 permits the board to terminate a benefit only if the recipient "refuses" to file an annual statement of earnings and such "refusal continues for one year." The words "refuses" and "refusal" are not defined in the relevant portions of either the Ohio Revised Code or the Ohio Administrative Code.

{¶ 10} In *Mfrs. Hanover Trust Co. v. Gene R. Brockmeyer & Co.*, 4 Ohio App.3d 125, 127 (10th Dist.1982), this court defined "refusal" in the context of service of process as follows: " 'the "denial of anything demanded, solicited or offered for acceptance." * * * [U]sing words such as * * * "denial," connote willfulness.' " *Id.*, quoting *In re Masters*, 165 Ohio St. 503, 506 (1956), quoting Webster's New International Dictionary (2 Ed.). In the context of an administrative license suspension, the Supreme Court of Ohio defined a "refusal" to submit to a chemical test as conduct which would justify the belief of a reasonable person in the position of the requesting officer that such requested person was capable of refusal and manifested unwillingness to take the test. *Andrews v. Turner*, 52 Ohio St.2d 31, 36 (1977).

{¶ 11} By contrast, "Webster's New Collegiate Dictionary defines the verb 'fail' as 'to fall short' or 'to be unsuccessful.' " *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 225 (1982), fn. 9. "According to Webster's New International Dictionary (2 Ed.), the word 'failure' means 'omission to perform, esp. an appointed function; a default; as, failure of justice; failure to keep a promise.' " (Emphasis omitted.) *State ex rel. Flask, Jr. v. Collins*, 148 Ohio St. 45, 49 (1947). Thus, the commonly used definition of "fails" or "failure" does not imply willfulness.

{¶ 12} R.C. 1.42, pertaining to statutory construction, states that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 145.362 uses the words "refuses" or "refusal" rather than "fails" or "failure." Applying the commonly recognized definition of these words in the context of a decision to terminate a recipient's benefit, we find that the words "refuses" or "refusal" connote willfulness,

whereas the words "fails" or "failure" do not. *See Brockmeyer; In re Masters.* There is no contention that these words have been given a particular or technical meaning either by the General Assembly or otherwise.

{¶ 13} In this instance, there has been no determination by an OPERS staff member that relator refused to file an earnings statement. Nor has there been any determination by the board, pursuant to R.C. 145.362, that relator has refused to file the annual statement of earnings and that such "refusal continue[d] for one year." In a February 24, 2014 letter to relator and her guardian, OPERS informed relator that her monthly disability benefits were suspended for "non-compliance with the Annual Employment and Earnings requirement." The letter warns relator that "your monthly disability allowance and health care coverage will be terminated for non-compliance." In a June 6, 2014 letter to relator and her guardian, Disability Benefits Supervisor Jeremy L. Polley informs relator that, "[d]ue to your continued non-compliance with [the Annual Statement of Employment and Earnings], your disability benefit, including health care coverage has been terminated as of April 30, 2013." In her September 10, 2014 response to relator's request for reinstatement, OPERS Associate Counsel Lauren N. Gresh states that "OPERS suspended [relator's] disability benefits effective April 1, 2013 due to the failure to comply with employment and earnings statements." The letter concludes that "[t]here is presently no opportunity to become compliant with the earnings statement after the benefit has been suspended for a year and terminated by operation of law."

{¶ 14} While a finding of a failure to comply with the annual statement of earnings requirement provides OPERS with a legal basis to suspend a recipient's benefit, pursuant to Ohio Adm.Code 145-2-27, termination of a benefit is warranted under R.C. 145.362 only if the recipient's "refuses" to file the annual statement of earnings and the "refusal continues for one year." There has been no such finding by OPERS in this case. Whether such a finding is justified under the particular facts of this case is a matter for OPERS to determine in the first instance.

{¶ 15} Based upon the foregoing, it is our determination that OPERS abused its discretion by terminating relator's benefit, pursuant to R.C. 145.362, in the absence of a finding that relator refused to file an annual statement of earnings and that relator's refusal continued for one year. For the reasons set forth in this decision, we issue a writ of

mandamus ordering OPERS to vacate its order terminating relator's benefit and make a determination whether, pursuant to R.C. 145.362, relator has refused to file the statement of earnings and, if so, whether such refusal continued for one year. Accordingly, respondent's objection is overruled.

{¶ 16} Following review of the magistrate's decision, an independent review of the record, and due consideration of respondent's objection, we find that the magistrate has determined the pertinent facts, and we adopt them as our own. Though we agree with the magistrate's recommendation in this case, we disagree with the magistrate's reasoning. Accordingly, we adopt the magistrate's conclusions of law as modified herein. For the reasons set forth in this decision, we overrule respondent's objection, and we grant a writ of mandamus ordering respondent to vacate its order terminating relator's benefit and make a determination whether, pursuant to R.C. 145.362, relator has refused to file the statement of earnings and, if so, whether such refusal continued for one year. The requested writ of mandamus is granted.

*Objection overruled;*
*writ of mandamus granted.*

BROWN, P.J., and HORTON, J., concur.

———————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                    :
Lynn Basile, an incompetent person
represented by Guardian, Ralph Basile,    :

          Relator,                                   :

v.                                                                :                      No. 14AP-974

Ohio Public Employees Retirement System,  :                    (REGULAR CALENDAR)

          Respondent.                             :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on July 27, 2015

---

*Harvey Abens Iosue Co. LPA, Matthew B. Abens* and *David L. Harvey III,* for relator.

*Michael DeWine*, Attorney General, *John J. Danish* and *Mary Therese Bridge,* for respondent Ohio Public Employees Retirement System.

---

### IN MANDAMUS

{¶ 17} In this original action, relator, Lynn Basile, the ward of her husband and legal guardian, Ralph Basile, requests a writ of mandamus ordering respondent, Ohio Public Employees Retirement System ("OPERS" or "respondent"), to reinstate her disability benefits that respondent terminated as of April 30, 2013.

Findings of Fact:

{¶ 18} 1. Effective July 1, 1995, respondent approved relator's application for disability benefits with the condition that she seek psychiatric treatment and be re-examined in one year.

{¶ 19} 2. R.C. 145.362 provides that a disability recipient shall file with OPERS an annual statement of earnings pursuant to rules adopted by the Public Employment Retirement Board ("board").  R.C. 145.362 further provides:

> The board shall annually examine the information submitted by the recipient. If a disability benefit recipient refuses to file the statement or information, the disability benefit shall be suspended until the statement and information are filed. If the refusal continues for one year, the recipient's right to the disability benefit shall be terminated as of the effective date of the original suspension.

{¶ 20} 3. Pursuant to the statute, respondent provides a form that is annually mailed to all disability benefit recipients.  The form has been revised from time to time over the years.  However, as pertinent here, the form is captioned "Statement of Employment and Earnings After Receipt of a Disability Benefit."  The form is designated as form EE.

{¶ 21} 4. On March 7, 2005, relator executed form EE for calendar year 2004. The form asks:  "Were you employed in the year 2004?"  In response, relator marked the "No" box.  However, relator also indicated that her employer was "Jesus Helper Messenger."  Relator also wrote "Prayer Warrior Messenger."

{¶ 22} 5. On March 7, 2006, relator executed form EE for the year 2005.  The form asks:  "Were you employed in the year 2005?"  In response, relator marked the "Yes" box.

{¶ 23} The form then asks the name of the employer.  In response, relator wrote: "Christ the King our Lord and Saviour [sic]."

{¶ 24} The form also asks that the recipient report her earnings for the year. Relator indicated she had no earnings for the year.

{¶ 25} 6. On March 16, 2010, relator executed form EE for the year 2009. Relator indicated by her mark of the "No" box that she was not employed in the year 2009. However, she then wrote that her employer is "Jesus" and that her job duties are "Helper."  She further wrote:  "Office Work[,] One Flew Over the Cuckoo Nest.  Need Help.  Thank you."

{¶ 26} 7.  According to relator's counsel in this action, relator's completion of the EE forms for the years 2005, 2006, and 2010 show that relator "did not have full command of her mental faculties during this time period."  (Relator's brief, 1.)

{¶ 27} 8.  On April 26, 2011, Ralph Basile was appointed guardian of the person of his wife, Lynn Basile, by the Cuyahoga County Probate Court ("probate court").

{¶ 28} 9.  On May 2, 2011, Ralph Basile was appointed guardian of the person and the estate of Lynn Basile by the probate court.

{¶ 29} 10.  In May 2011, Ralph Basile submitted to OPERS a hand-written letter informing that he is the guardian of Lynn Basile.  In the letter, Ralph Basile provided his address:  "6107 Greene Dr.[,] Brook Park[,] Ohio[,] 44142."  Ralph Basile also provided OPERS letters of guardianship from the probate court.

{¶ 30} 11.  By letter dated March 12, 2012, addressed to both Lynn Basile and Ralph Basile as guardian, OPERS informed that form EE for the year 2011 had been received by OPERS, but the form had been completed incorrectly.

{¶ 31} 12.  On March 19, 2012, Ralph Basile completed another form EE for the year 2011 and he signed the form.  Ralph Basile submitted a correctly completed form EE to OPERS.

{¶ 32} 13.  Form EE completed by Ralph Basile on March 19, 2012 contained the following preprinted information and advice:

> All disability benefit recipients are required by state law to provide information about additional employment and earnings after disability. The information will be used to assist OPERS in the proper administration of its disability benefits program. This form must be completed and returned to OPERS **no later than April 15, 2012.**
>
> ***Failure to comply with this request will result in suspension of your monthly disability benefit.***

(Emphasis sic.)

{¶ 33} 14.  The record contains an internal OPERS document on which OPERS staff may record information regarding communications between the OPERS member and OPERS staff.  This document is identified in the table of contents to the certified

record as the "OPERS Communication Printout for the period of 01/05/2004 to 09/11/2014." This document shall be subsequently referred to as the "Communication Printout."

{¶ 34} 15. The "Communication Printout" contains the following March 19, 2012 entry:

> [T]he EE statement was rejected - spoke w/ Sandra DB adv the GDN paperwork has been rec'd & updated - adv the GDN need to complete the EE statement.

{¶ 35} 16. In 2013, as guardian, Ralph Basile failed to submit form EE for the year 2012.

{¶ 36} 17. The record contains a letter from OPERS dated February 24, 2014 that is jointly addressed to "Lynn Iris Basile[,] Ralph F. Basile GDN" at the address: 6107 Greene Dr., Brookpark, Ohio, 44142. The letter states:

> As you may already be aware, your monthly disability benefits were suspended effective May 1, 2013 as a result of your non-compliance with the Annual Employment and Earnings requirement.
>
> Effective retroactively to April 30, 2013, your monthly disability allowance and health care coverage will be terminated for non-compliance.
>
> In order to avoid termination of your disability allowance and health care coverage, we must receive the enclosed *2012 Annual Statement of Employment and Earnings,* completed in its entirety, in our office by **April 15, 2014.**
>
> If the enclosed *2012 Annual Statement of Employment and Earnings* is not received by April 15, 2014, your monthly disability allowance and health care coverage will be terminated on April 22, 2014, retroactively to April 30, 2013.
>
> **This will be our final request for this information.**

(Emphasis sic.)

{¶ 37} 18. The "Communication Printout" contains the following April 11, 2014 entry:

[A]ttempted to contact recipient and guardian re recipient's non compliance for E&E process and the termination of her monthly benefits. * * * no answer - 2 attempts made and * * * - Ralph guardian, call unable to be completed 2 attempts made.

{¶ 38} 19. The record contains a letter from Disability Benefits Supervisor Jeremy L. Polley dated June 6, 2014. The letter is jointly addressed to "Lynn Iris Basile[,] Ralph F. Basile GDN" at the appropriate street address. The letter informs:

This is a follow up to our prior correspondence regarding your failure to meet obligations under Ohio law to continue receiving benefits from OPERS and the resulting termination of your disability benefit. Due to your continued non-compliance with these requirements, your disability benefit, including health care coverage has been terminated as of April 30, 2013.

{¶ 39} 21. The "Communication Printout" contains the following June 9, 2014 entry:

Ralph F. Basile/Gdn/ * * * - explained that per letter sent out on 6/6/14 Disability benefit has been terminated as on 4/30/13 due to no response for E&E statements from 2013 & 2014. Spoke to Sophia/Disability said that mbr/gdn will need to send a request in writing to re-instate benefit in request needs to give the reason for not responding to opers requests, then will be reviewed and disability will determine whether the account will be terminated or not. Also needs to send in E&Es for 13&14. Adv no turn around time for process of determination. Gave fax * * * to send in requests adv can not send in E&E for 13 & 14 by fax will need to be sent by mail.

{¶ 40} 22. The "Communication Printout" contains the following June 27, 2014 entry:

Ralph F. Basile & attorney on phone, guardian auth account to be discussed w/ attorney. Advised will need to send in completed 2013/2014 E & Es and provide, in writing, a request to reinstate benefits along w/ written reason for not responding to OPERS E & E requests & other letters requesting a response. Letter & completed 2013/2014 E & Es will be reviewed. Disability will determine whether the account will be reinstated or not.

{¶ 41} 23. On July 24, 2014, guardian Ralph Basile's attorney, Kevin M. Preston, faxed the following letter to OPERS:

> The undersigned represents Ralph F. Basile, Guardian of Iris L. Basile, ow [sic] Lynn I. Basile, an incompetent (see copy of Letters of Guardianship attached). Mrs. Basile is a member of OPERS and we are trying to reinstate her benefits which were suspended in April, 2013. It would appear that several "compliance" forms were mailed to the house address (Greene Drive, Brook Park, Ohio) and never made it into the hands of the Guardian. Since the ward did not known how to complete the forms, it appears that the same were never sent in and the benefits were suspended.
>
> Therefore, Mr. Basile has completed OPERS Form LL-2 to have any OPERS documentation requested by me to be sent to my address. Please forward to this office any "compliance" forms which are due to be filed by Mrs. Basile and any other documents which are necessary to reinstate her benefits. By his signature below and on the LL-2 form, Mr. Basile is requesting that any "compliance" forms required to be filed in the future be sent to my address.

{¶ 42} 24. By letter dated September 10, 2014 from OPERS Associate Counsel Lauren N. Gresh, Mr. Preston was informed:

> The following information is provided in response to your correspondence of July 24, 2014, and pursuant to the Authorization for Release of Account Information executed by Ralph Basile in his capacity as Guardian of Lynn I. Basile.
>
> As you are aware, OPERS suspended Ms. Basile's disability benefits effective April 1, 2013 due to the failure to comply with employment and earnings statements. R.C. 145.362 provides that each disability benefit recipient shall file with the Board an annual statement of earnings and it shall annually examine the information submitted by the recipient. If the disability benefit recipient refuses to file the statement, the benefit shall be suspended until the statement and information are filed. If the refusal continues for one year, the recipient's right to the disability benefit shall be terminated as of the effective date of the original suspension.
>
> Ms. Basile and her guardian completed several earnings statements in the past to continue her receipt of the benefit. I have enclosed copies of all relevant forms and

correspondence for your reference. To OPERS' knowledge, the address used to communicate with the guardian regarding all account matters was and is still accurate. He received the final termination letter that was sent to the same address. Even if the guardian was unable to view OPERS' many correspondence on this topic, as fiduciary to his ward, a guardian would have to be aware that benefits were no longer being paid by OPERS for an extended period of time and use such knowledge to cure the situation. There is presently no opportunity to become compliant with the earnings statement after the benefit has been suspended for a year and terminated by operation of law.

{¶ 43} 25. On November 24, 2014, relator, Lynn Basile, and her guardian, Ralph Basile, filed this mandamus action.

Conclusions of Law:

{¶ 44} Two issues are presented: (1) whether relator had a clear legal right to receive the notice provided by former Ohio Adm.Code 145-2-23(B), and (2) whether respondent abused its discretion in failing to consider reinstatement of the disability benefit.

{¶ 45} The magistrate finds: (1) relator did not have a clear legal right to receive the notice provided by former Ohio Adm.Code 145-2-23(B), and (2) respondent did abuse its discretion in failing to consider reinstatement of the disability benefit.

{¶ 46} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.

### First Issue

{¶ 47} Ohio Adm.Code 145-1-09 as amended effective May 8, 2014 and in effect on the date of the September 10, 2014 Gresh letter and currently, states:

(A) The public employees retirement board authorizes its staff to make determinations required under Chapter 145. of the Revised Code, including, but not limited to, membership, exemptions or exclusions from membership, earnable salary, benefits, and employer reporting. Membership determinations may be appealed to the retirement board pursuant to rule 145-1-11 of the Administrative Code. Determinations mandated by statute may not be appealed to the board.

{¶ 48} Former Ohio Adm.Code 145-2-23 as amended effective March 24, 2013 and in effect on the date of the Gresh letter, stated:

(A) This rule applies when the public employees retirement board either denies an application for a disability benefit filed pursuant to section 145.35 of the Revised Code or terminates a disability benefit pursuant to section 145.362 of the Revised Code.

(B)

(1) After the board has either denied an application for, or terminated, a disability benefit, the member shall be notified in writing of such action.

(2) The notice shall be sent by regular mail.

(3) The notice shall include the following information:

(a) The board's denial or termination of the disability benefit.

(b) The member's right to file a written request to appeal. Such written request to appeal must be received by the board no later than thirty days from the date of the notice of denial or termination.

(c) Failure of a member to submit a written request to appeal shall make the board's action final as to such application or benefit.

(d) In addition to the written request to appeal, the member must also submit additional objective medical evidence. Such additional evidence shall be current medical evidence documented by a licensed physician specially trained in the field of medicine covering the illness or injury for which the disability is claimed and such evidence has not been considered previously by the board. Such additional medical evidence shall be presented on a form provided by the retirement system.

(e) Failure to provide the additional medical evidence within forty-five days of the member's appeal request shall make the board's action final to such application or benefit unless an extension for submission of such evidence has been requested and granted within the forty-five days. Only one

extension, not to exceed forty-five days, may be granted by the board's staff.

{¶ 49} According to relator, former Ohio Adm.Code 145-2-23(B) provided her a clear legal right to receive the notice that informs the member of a right to file a written request to appeal. It is undisputed that respondent did not issue the notice described at former Ohio Adm.Code 145-2-23(B). The magistrate disagrees with relator's argument that she had a clear legal right to the notice.

{¶ 50} Clearly, relator's situation falls under Ohio Adm.Code 145-1-09(A). Because respondent's decision regarding the consequences of relator's failure to file the annual statement of earnings for calendar year 2012 was mandated by R.C. 145.362, there was no right to appeal the decision to the board.

{¶ 51} Relator's argument for the applicability of former Ohio Adm.Code 145-2-23 is focused on paragraph (A) of the rule. To reiterate, former Ohio Adm.Code 145-2-23(A) provides:

> This rule applies when the public employees retirement board either denies an application for a disability benefit filed pursuant to section 145.35 of the Revised Code or *terminates a disability benefit* pursuant to section 145.362 of the Revised Code.

(Emphasis added.)

{¶ 52} According to relator, because paragraph (A) contains the words "terminates a disability benefit," it must apply to the termination of a disability benefit as occurred here. However, relator's argument ignores that paragraph (A) applies when the *board* terminates a disability benefit. Here, the board did not terminate the disability benefits. Rather, it was the OPERS staff that made the determination to terminate relator's disability benefit pursuant to Ohio Adm.Code 145-1-09(A). Clearly, former Ohio Adm.Code 145-2-23 does not provide for a notice regarding a right to appeal to the board when the determination to terminate the disability benefit is covered under Ohio Adm.Code 145-1-09.

{¶ 53} Moreover, it is clear from a reading of former Ohio Adm.Code 145-2-23 that the rule pertains to denial or termination of a disability benefit based upon medical

evidence that the board weighs in reaching its determination. As respondent correctly puts it here, former Ohio Adm.Code 145-2-23 applied only when the board is determining the "medical status" of the member. (Respondent's brief, 11.)

{¶ 54} Thus, the magistrate concludes that relator did not have a clear legal right to receive the notice provided by former Ohio Adm.Code 145-2-23(B).

### Second Issue

{¶ 55} The second issue is whether respondent abused its discretion when it refused to consider reinstatement of the disability benefit that had been terminated.

{¶ 56} On this issue, the focus is upon the September 10, 2014 letter of Associate Counsel Lauren Gresh, which is the final written decision of respondent.

{¶ 57} Apparently, Gresh did not consider reinstatement. Rather, she explained "[t]here is presently no opportunity to become compliant with the earnings statement after the benefit has been suspended for a year and terminated by operation of law." This explanation strongly suggests that Gresh believed that R.C. 145.362 prohibits consideration of reinstatement. However, the statute does not state that a disability benefit cannot be reinstated following termination.

{¶ 58} Interestingly, as indicated by several entries on the "Communication Printout," OPERS staff believed that reinstatement could occur and that it could be requested. In fact, OPERS advised relator's attorney to submit completed EE forms for calendar years 2013 and 2014. As the June 27, 2014 entry put it, "[d]isability will determine whether the account will be reinstated or not."

{¶ 59} Significantly, there is no evidence in the record to even suggest that relator was employed during the year 2012 at issue or that she was employed during any other year since she obtained her disability award in 1995. Thus, relator lost her disability benefit only because of the failure of her guardian to submit form EE in a timely manner.

{¶ 60} Based upon the above analysis, the magistrate concludes that respondent abused its discretion in failing to consider relator's request for reinstatement of her disability benefit.

{¶ 61} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent to consider relator's request for reinstatement of her disability benefit.


/S/ MAGISTRATE
KENNETH W. MACKE


**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).