[Cite as *Palazzo v. Palazzo*, 2018-Ohio-2710.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CYNTHIA PALAZZO

      Appellee/Cross-Appellant

      v.

JOHN PALAZZO

      Appellant/Cross-Appellee

C.A. No.     28536

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2010-04-1249

DECISION AND JOURNAL ENTRY

Dated: July 11, 2018

---

SCHAFER, Judge.

**{¶1}** John Palazzo, ("Husband"), and Cynthia Palazzo, ("Wife"), both appeal from the January 24, 2017 judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division. Based on the following, we affirm the trial court's decision.

I.

**{¶2}** This is appeal arises from a divorce action terminating the Palazzos' marriage after more than twenty-eight years. The matter proceeded to a trial where the court determined a number of contested issues, including, inter alia, the de facto termination date of the marriage, the value of Husband's business and primary source of income, Husband's income capacity, the division of marital property, the possible financial misconduct on the part of Husband, and the appropriate amount of spousal support. The trial court entered the divorce decree on March 25, 2014, and found that the marriage terminated December 31, 2012. This matter has since been appealed to this Court on two prior occasions. *See Palazzo v. Palazzo*, 9th Dist. Summit No.

27332, 2015-Ohio-1254 ("*Palazzo I*"); *Palazzo v. Palazzo*, 9th Dist. Summit Nos. 27932, 27935, 2016-Ohio-3041 ("*Palazzo II*").

{¶3} In *Palazzo I*, the majority determined that the trial court erred in failing to consider the balance owing on a loan from the business as a marital asset. *Palazzo I* at ¶ 20. Further, we remanded for the trial court to consider evidence of Husband's member draws from a business account to determine how to treat such funds, whether a finding of financial misconduct was warranted and, if so, whether a distributive award was in order. *Id*. at ¶ 26. We overruled, in part, the remaining assignments of error and declined to address others as being premature.

{¶4} Thereafter, the trial court issued another judgment addressing the issues on remand. The trial court did not find that Husband engaged in financial misconduct. The trial court increased Wife's property division award by $20,092.62, ordered that amount payable as part of the existing property division payment plan, and declined to order interest on the award or to permit Wife to acquire a secured interest for her property division award. Additionally, the trial court ordered Husband to pay Wife $1,500.00 per month in spousal support.

{¶5} The parties again appealed the trial court's decision. In *Palazzo II*, we affirmed in part the trial court's judgment as it related to Husband's alleged financial misconduct, the decision to not order security on Wife's property division award, and the order that Husband pay one-half of the transcription costs. We determined "the trial court abused its discretion by allowing periodic property division payments without addressing whether it would be inequitable to order interest on the payments" and remanded the matter for the trial court to address whether the payment of interest on the property division is equitable. *Palazzo II* at ¶ 18-19. We concluded that the trial court erred by considering Husband's property division award payments

to Wife as income for calculating spousal support, and remanded for the court to address the issue of spousal support without regard to the property division payments. *Id*. at ¶ 26

{¶6} The trial court issued a judgment entry addressing the issues remanded in *Palazzo II*. Regarding its decision not to order interest on the periodic payments for Wife's property division award, the trial court explained its basis citing to the fact that Husband is required to pay income tax on the funds he uses to pay the property division award. Noting that it is not obligated to award interest on a property division award, the trial court reasoned that it would be inequitable to order interest in light of the tax consequences to Husband, and the fact that Wife receives these payments tax-free.

{¶7} Further, the trial court reevaluated the award of spousal support to Wife. The court increased the spousal support from $18,000.00 to $36,000.00, thereby doubling the monthly payment from $1,500.00 to $3,000.00 (in addition to the $3,000.00 per month Husband was ordered to pay to Wife for the division of property). The trial court stated that it considered all R.C. 3105.18(C)(1) factors, specifically analyzed the relevant factors in its entry, and determined such spousal support to be appropriate and reasonable.

{¶8} The parties each appeal from the trial court's most recent judgment entry. In the current appeal, Husband raises two assignments of error, arguing that the trial court abused its discretion when it doubled the amount of spousal support it originally ordered without considering Husband's ability to pay, and that the trial court further abused its discretion by applying the recalculated spousal support award retroactively to April 1, 2014. Wife raises three assignments of error in her cross-appeal. She asserts that the trial court committed an "arithmetical error" in calculating the property division award. Also, Wife challenges the trial court's finding that she should not be awarded interest on the property division award payable

over a period of eleven years, and argues that the trial court's increased spousal support is still insufficient and inequitable.

II.

## Husband's Assignment of Error I

**The [t]rial [c]ourt abused its discretion and committed prejudicial error when it increased [Husband]'s spousal support and doubled the amount of spousal support originally determined, by failing to consider [Husband]'s ability to pay spousal support.**

{¶9}    In its journal entry of January 24, 2017, the trial court recalculated the spousal support award, per this Court's instructions upon remand from *Palazzo II*, without factoring in the property division settlement payments as income to Wife.  In the journal entry, the trial court discussed the spousal support factors and concluded that it had "considered all of the spousal support factors and [found] that spousal support is appropriate and reasonable."  The trial court increased the payment from $1,500.00 to $3,000.00.

{¶10}   Husband argues that, in doubling the amount of spousal support, the trial court neglected to discuss or analyze Husband's ability to pay the increased amount.  Referencing R.C. 3105.18(C)(1), Husband argues that the trial court was required to consider his ability to pay the modified amount of support.  Husband contends that the trial court's failure to consider his ability to pay amounts to an abuse of discretion.

{¶11}  We review a trial court's decision regarding spousal support for an abuse of discretion.  *Wuscher v. Wuscher*, 9th Dist. Summit No. 27697, 2015-Ohio-5377, ¶ 15.  An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying the abuse of discretion standard, a reviewing court may not simply

substitute its own judgment for that of the trial court. *Pons v. Ohio Stat Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶12} The trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) "[i]n determining whether spousal support is appropriate and reasonable," and in determining the nature, amount, terms, and duration of a spousal support payment. R.C. 3105.18(C)(1). While evaluating the evidence relative to the factors of R.C. 3105.18(C)(1), the trial court weighs the need for support against the ability to pay. *Broida v. Broida*, 9th Dist. Summit No. 19968, 2001 Ohio App. LEXIS 175, at 8 (Jan. 24, 2001), citing *Layne v. Layne*, 83 Ohio App.3d 559, 562-563 (2d Dist.1992). "A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must only provide a sufficient basis supporting its award." *Id*. at 10.

{¶13} In the journal entry the trial court indicated that it considered all of the statutory factors of R.C. 3105.18(C)(1). The trial court identified and discussed the factors it deemed relevant to its analysis in making the spousal support award, and found that the support is appropriate and reasonable. Although the trial court did not engage in a discussion specifically focused on Husband's ability to pay, such an analysis is inherent in its consideration of these R.C. 3105.18(C)(1) factors (e.g. income, standard of living, relative assets and liabilities, tax consequences). Further, Husband has not identified any factor bearing on his ability to pay that the trial court failed to consider, nor has he pointed to any part of the record to demonstrate the existence of evidence that could have weighed in favor of a finding of Husband's *inability* to pay the increased support. We cannot determine, upon this record, that the trial court failed to consider Husband's ability to pay. Thus, we conclude, Husband has not demonstrated that the trial court abused its discretion when it found that the increased spousal support amount was appropriate and reasonable.

**{¶14}** Accordingly, Husband's first assignment of error is overruled.

### Husband's Assignment of Error II

**The [t]rial [c]ourt abused its discretion and committed prejudicial error by making its recalculated spousal support award herein retroactive to April 1, 2014.**

**{¶15}** When the trial court recalculated and doubled the amount of spousal support, it corrected the inadequate spousal support payment it had initially ordered. Accordingly, the trial court made the award retroactively effective to April 1, 2014: the date on which spousal support payments were to commence. Husband argues that the trial court abused its discretion by making the increased support amount retroactive, failing to set up a payment plan, and failing to consider Husband's ability to pay the increased amount. However, Husband has not developed an argument in this respect, and has not cited to any authority for his position that the trial court abused its discretion by retroactively applying the increase in spousal support. We decline to construct an argument on his behalf. *Kenney v. Carroll*, 9th Dist. Medina Nos. 13CA0090-M, 15CA0102-M, 2017-Ohio-354, ¶ 40; *See* App.R. 16(A)(7).

**{¶16}** Husband's second assignment of error is overruled.

### Wife's Assignment of Error I

**The trial court abused its discretion and committed prejudicial error by failing to enter a property division order accurately dividing the marital property.**

**{¶17}** In her first assignment of error, Wife contends that the trial court failed to correct an "arithmetical error" regarding the division of property. Wife argues that it would be an abuse of discretion to make an inequitable division of property, but acknowledges that the "trial court's allocation of property is not in error, only the arithmetic in the total." The alleged discrepancy is not apparent in the judgment entry being appealed. Wife asserts that the correct figure Husband

should be ordered to pay is $394,513.92 for the equitable division of the property. However, she fails to develop this argument or to identify where this "arithmetical error" occurred in the record.

{¶18} In her brief, Wife claims that this Court addressed the miscalculation in *Palazzo II*. However, a review of our prior decisions shows that it was not *Palazzo II*, but rather in *Palazzo I*, that we noted an error in calculating the award, stating:

> By this Court's calculation the amount awarded to Wife by the trial court as part of the property division would total $374,421.30, not $372,251.50. In other words, this Court is uncertain how the trial court arrived at a total award of $372,251.50. This discrepancy can be addressed on remand.

*Palazzo I*, 2015-Ohio-1254, ¶ 6, fn. 1. Our footnote apparently referred to the trial court's original property division award in the divorce decree issued March 25, 2014. Following remand in *Palazzo I*, the trial court issued a journal entry on August 4, 2015, indicating the "property settlement amount awarded to Wife shall be increased by $20,092.62" but did not otherwise discuss the calculation of the property division award. The issue does not appear to have been raised on subsequent appeal in *Palazzo II*, and the trial court's journal entry of January 24, 2017, makes no mention of the calculation of the property division award total.

{¶19} Wife has not adequately identified the basis for the alleged error, in that she has not demonstrated where the journal entry currently on appeal misstates or contradicts her position that she is entitled to a property division award totaling $394,513.92, nor has she explained how a challenge to a finding in the original divorce decree could be timely or appropriate at this juncture. An appellant is required to provide this Court with reference to the place in the record where each alleged error is reflected. *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349, 18673, 1998 Ohio App. LEXIS 2028, 28 (May 6, 1998), citing App.R. 16(A)(3). "It is not the duty of this [C]ourt to search the record for evidence to support [Wife's] argument as

to alleged error." *Id*. citing *Slyder v. Slyder*, 9th Dist. Summit No. 16224, 1993 Ohio App. LEXIS 6475, 3 (Dec. 29, 1993).

**{¶20}** We note that, in his response to Wife's merit brief, Husband concedes that the record supports Wife's position as to the proper calculation. The parties, in light of their consensus that the record demonstrates $394,513.92 as the correct total property award, are free to seek a nunc pro tunc journal entry from the trial court reflecting the same. Nonetheless, because Wife failed to identify in the record the error on which this assignment of error is based, we disregard this assignment of error. *See* App.R. 12(A)(2).

**{¶21}** Wife's first assignment of error is overruled.

### Wife's Assignment of Error II

**The trial court abused its discretion and committed prejudicial error by failing to order [Husband] to pay interest on an unsecured property division of $394,513.92, payable at $3,000 per month, which would take 11 years to complete.**

**{¶22}** Wife argues that the trial court abused its discretion when, considering the tax implications for Husband, it determined that it would be inequitable to order Husband to pay interest on the $394,513.92 property division award that he is obligated to pay to Wife in monthly increments of $3,000.00. Wife contests the trial court's finding that income from the business is the source of Husband's property division payments to Wife. Moreover, Wife asserts that the trial court's conclusions concerning the tax consequences are speculative and severely flawed. It is inequitable, Wife contends, to permit Husband to make payments pursuant to a plan which would cost him less than a lump sum payment.

**{¶23}** It is within the discretion of the trial court to determine whether to award interest upon obligations arising out of property divisions. *Koegel v. Koegel*, 69 Ohio St.2d 355 (1982), syllabus. A property award without interest may be inequitable, but is not necessarily so. *See id*.

at 357. We review the trial court's decision regarding the division of marital property for an abuse of discretion. *Saluppo v. Saluppo*, 9th Dist. Summit No. 22680, 2006-Ohio-2694, ¶ 7. An abuse of discretion is more than an error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, (1983). When applying the abuse of discretion standard, a reviewing court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶24} "[T]here is no requirement that a trial court award interest on installment payments." *Hansen v. Hansen*, 9th Dist. Medina No. 2691-M, 1998 Ohio App. LEXIS 261, 9-10 (Jan. 28, 1998), quoting *Sergi v. Sergi*, 9th Dist. Summit No. 17476, 1996 Ohio App. LEXIS 3241, 18 (July 31, 1996). Although the trial court maintains broad discretion in shaping an equitable division of marital property, *Blakemore*, 5 Ohio St.3d at 218, there are certain factors "the court shall consider" such as "[t]he liquidity of the property to be distributed[, t]he economic desirability of retaining intact an asset or an interest in an asset[, and t]he tax consequences of the property division upon the respective awards to be made to each spouse[.]" R.C. 3105.171(F)(4),(5), and (6).

{¶25} The trial court stated that it would not award interest on the property division award because Husband was required to pay taxes on the income used to pay the award, while Wife received the payments on the property division award tax-free. The trial court found that the business, which is the parties' main asset, is not a liquid asset, and determined that the business should remain intact and not be sold. Further, the trial court found that "[i]ncome from the business is the source of Husband's support and property payments to Wife."

{¶26} Next, the trial court proceeded to consider the tax consequences of the property division. Based on Husband's imputed income capacity of $184,000.00, the trial court considered the federal tax brackets for the tax year 2016 and applied a tax rate of 28%. Applying the tax rate to the $36,000.00 Husband must pay annually to Wife on the property division award, the court calculated a tax cost to Husband in the amount of $10,080.00 per year. The trial court then concluded that Husband incurred a substantial tax cost, and based upon the circumstances at present, it would be inequitable to require Husband to pay interest as well.

{¶27} As it relates to the source of income, Wife urges that there is no evidence in the record to establish that Husband must pay the property award from his taxable income. Rather than making the payments from his income, Wife suggests that Husband might instead opt to fund the payments by other means, such as borrowing money from the business or borrowing against the equity in the marital residence. However, Wife does not direct us to any evidence in the record to demonstrate that these suggested alternative resources are actually viable financial options for Husband that should cause the equities to shift in favor of awarding interest on the property division payments. Contrary to Wife's claim, evidence in the record supports the trial court's finding that Husband's taxable income from the business is the source of funding for his financial obligations to Wife.

{¶28} Wife also argues that the trial court's analysis of the tax consequences is significantly flawed. In support of this claim, Wife asserts an undeveloped argument regarding the possible applicability of lower tax brackets that the trial court failed to consider. The trial court cites to evidence in the record to support its calculations, and Wife has not demonstrated the inadequacy of this evidence. She merely provides alternative theories as to how taxes might be calculated. Even assuming that the trial court did overestimate the precise amount of tax

Husband will pay per annum on the property division award, it does not change the trial court's finding that Husband must pay taxes on the business income, which it determined is ultimately more costly to Husband than a lump sum payment. A lower tax rate would still result in a tax consequence to Husband, which the trial court determined to be more of a detriment to Husband than an award of interest would serve to benefit Wife.

{¶29} In reaching its conclusion the trial court considered the relevant factors to determine an equitable division and distribution of the marital property. Wife has not demonstrated that the trial court abused its discretion when it determined that it would be inequitable to require Husband to pay interest on the property division payments he is obligated to make to Wife. The trial court was not obligated to award interest, and based upon the facts of this case we find no abuse of discretion.

{¶30} Wife's second assignment of error is overruled.

### Wife's Assignment of Error III

**The trial court abused its discretion and committed prejudicial error by inappropriately calculating spousal support.**

{¶31} Wife argues that the trial court should enter a spousal support award in the amount of $5,792.00. Wife states that the trial court used "FinPlan" to calculate a spousal support obligation, and asserts that this Court should remove property division payments from that FinPlan calculation and order Husband to pay $5,792.00 per month for spousal support. Further, Wife contends that Husband left the marriage with significantly more assets than Wife, and the "gross discrepancy of assets should have been considered at the same time the trial court considered the court-ordered payments." Wife does not develop her argument beyond these assertions, cites to no legal authority to support her position, and fails to adequately explain why she believes that she is entitled to a spousal support award of this amount.

**{¶32}** We review a trial court's decision regarding spousal support for abuse of discretion. *Wuscher*, 2015-Ohio-5366 at ¶ 15. A trial court is vested with broad discretion when fashioning its spousal support award, but it does not have discretion to disregard the statutory mandates that control spousal support. *Palazzo II* at ¶ 21, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 355 (1981). The trial court must consider the factors set forth in R.C. 3105.18(C)(1)(a)-(n) "[i]n determining whether spousal support is appropriate and reasonable," and in determining the nature, amount, terms, and duration of a spousal support payment. R.C. 3105.18(C)(1).

**{¶33}** Previously, we remanded this matter to for the trial court to address the issue of spousal support without considering Husband's property division payments to Wife as income for meeting her reasonable living expenses. *Palazzo II* at ¶ 26. In the January 24, 2017 journal entry, the trial court reanalyzed the spousal support award and considered the statutory factors of R.C. 3105.18(C)(1). Based upon this analysis, the trial court determined that $3,000.00 per month is an appropriate and reasonable award for spousal support, thereby doubling the initial monthly award of $1,500.00. Upon due consideration, we find no indication that the trial court abused its discretion in when it determined the spousal support award.

**{¶34}** Wife's third assignment of error is overruled.

III.

**{¶35}** Husband's and Wife's assignments of error are overruled. The decision of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 

JULIE A. SCHAFER
FOR THE COURT


TEODOSIO, J.
CONCUR.

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

LESLIE S. GRASKE and HOWARD J. WALTON, Attorneys at Law, for Appellant/Cross-Appellee.

PETER T. CAHOON and MARIETTA M. PAVLIDIS, Attorneys at Law, for Appellee/Cross-Appellant.